**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL ROBERT VILLANUEVA, WESLEY AARON HOLTZ, MATTHEW RYAN LABROT, MICHAEL COREY MARTIN, ALEXANDER STEPHEN CAPOYIANES,<br><br>Plaintiff,<br>vs.<br>SECRETARY OF THE NAVY,<br><br>Defendant. | CASE NO. 12CV1532-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Temporary Restraining Order filed by Plaintiffs Gabriel Robert Villanueva, Wesley Aaron Holtz, Matthew Ryan Labrot, Michael Cory Martin, and Alexander Stephen Capoyianes. (ECF No. 3).

**BACKGROUND**

On June 24, 2012, Plaintiffs, proceeding pro se, initiated this action by filing a verified Complaint under 42 U.S.C. §1983 against the Secretary of the Navy. (ECF No. 1). Plaintiffs allege in the Complaint that their "Constitutional Rights to Liberty and Due Process were violated when the Secretary of the Navy involuntarily reclassified [them] in clear violation of the 'Enlistment Guarantees' given when [they] agreed to serve." *Id.* at 2. Plaintiffs allege that their "Liberty and autonomy are being taken away without Due Process of law." *Id.* In the Complaint, Plaintiffs request that the Court grant an injunction preventing the Secretary of the Navy "from involuntarily transferring [them] and [requesting] to be returned to [their]

guaranteed option which states [that they are] able to enroll in a mutually acceptable rate or the Navy will exercise its option to effectuate [their] honorable discharge." *Id.* at 7.

On June 24, 2012, Plaintiffs filed a Motion for Temporary Restraining Order "due to the Secretary of the Navy immediately transferring said Plaintiffs against their will without due process and pending unresolved formal complaints." (ECF No. 3). Plaintiffs did not sign the Motion for Temporary Restraining Order. Plaintiffs submitted a copy of a document entitled "Enlistment Guarantees" with the Motion for Temporary Restraining Order. *Id.* at 3. Plaintiffs have not submitted a proof of service or any affidavit in support of the Motion for Temporary Restraining Order. A proof of service of the summons and complaint has not been filed.

## RULING OF THE COURT

### I.    Federal Rule of Civil Procedure 65(b)

Federal Rule of Civil Procedure 65(b) provides that the court may issue a temporary restraining order without notice to the adverse party or its attorney "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). Federal Rule of Civil Procedure 65(b)(2) also provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record....

Fed. R. Civ. P. 65(b)(2).

In this case, Plaintiffs fail to provide "specific facts" showing that "immediate and irreparable injury, loss, or damage" will result to Plaintiffs before Defendant Secretary of the Navy can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Plaintiffs fail to certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Accordingly, the Motion for Temporary Restraining Order is denied for failure to comply with the requirements of Rule 65(b).

///

## II.     Likelihood of Success on the Merits

The party seeking preliminary injunctive relief has the burden to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *see also Small v. Avanti Health Systems, LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011).

"The United States is immune from suit unless it consents to waive its sovereign immunity." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) *citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981). The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities. *Hodge*, 107 F.3d at 707. The terms of the United States' consent to be sued in any court defines that court's jurisdiction to entertain the suit. *Lehman,* 453 U.S. at 160. Any waiver of immunity must be "unequivocally expressed." *Id.* at 160-61.

To assert a cause of action under 42 U.S.C. § 1983, a plaintiff must plead that defendants acting under color of state law deprived the plaintiff of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), cert. denied, 497 U.S. 1054 (1987). Actions under § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)[1], are identical except for the replacement of the federal for the state actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). A suit brought pursuant to *Bivens* is the "federal analogue" to a suit brought pursuant to § 1983. *Hartman v. Moore,* 547 U.S. 250, 254, 255 n.2 (2006).

To the extent that Plaintiffs assert a *Bivens* claim against the Secretary of the Navy, "[t]he Supreme Court has refused to extend *Bivens* to... harms suffered incident to military service." *Mirmehdi v. U.S.,* No. 09–55846, 2012 WL 2044804 at * 3 (9th Cir., June 7, 2012), *citing U.S. v. Stanley*, 483 U.S. 669, 684, 107 S.Ct. 3054, 3064 (1987) ("[N]o *Bivens* remedy

---

[1] In *Bivens,* the Supreme Court held that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980); *Butz v. Economou*, 438 U.S. 478, 486 (1978) ("*Bivens* established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts.").

is available for injuries that 'arise out of or are in the course of activity incident to service.'"); *see also Orloff v. Willoughby*, 345 U.S. 83, 91-92, 73 S.Ct. 534, 539-40 (1953) (finding that service members may not obtain habeas corpus review of assignments to duty).

Plaintiffs have failed to allege sufficient facts to show that the Secretary of the Navy has "unequivocally expressed" waiver of sovereign immunity in this case. *Lehman,* 453 U.S. at 160-61. Plaintiffs have failed to allege sufficient facts to show a likelihood of success on the merits of their claim. Accordingly, the Motion for Temporary Restraining Order is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order filed by Plaintiffs Gabriel Robert Villanueva, Wesley Aaron Holtz, Matthew Ryan Labrot, Michael Cory Martin, and Alexander Stephen Capoyianes (ECF No. 3) is DENIED.

DATED: June 22, 2012

**WILLIAM Q. HAYES**
United States District Judge